IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JIMMY VARGA,<br>    *Plaintiff,*<br><br>V.<br><br>WELLS FARGO BANK, N.A.,<br>    *Defendant.* | CIVIL ACTION NO. 4:17-cv-00265-Y |

**PLAINTIFF'S EMERGENCY MOTION TO QUASH UNILATERAL DEPOSITION NOTICE AND FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT THERETO**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Jimmy Varga ("Varga") moves to quash the Notice of Intent to Take Oral Deposition of Jimmy Varga, unilaterally served on Mr. Varga's counsel without prior consultation of the date, time, or location, via email at 5:18 p.m. on July 16, 2018.[1] Mr. Varga also seeks a protective order prohibiting Wells Fargo Bank, N.A. ("Well Fargo") from further noticing his deposition due to a lack of diligence by Wells Fargo in completing discovery before the THIRD discovery deadline and lack of good cause to request yet another discovery extension.

**I.
BACKGROUND AND RELEVANT FACTS**

1.  In the Initial Scheduling Order [Dkt. 10] entered on June 21, 2017, the discovery deadline was January 31, 2018. Wells Fargo sought an extension of certain pretrial deadlines [Dkt. 16], which was granted by this Court on September 28, 2017, extending the discovery deadline to March 31, 2018 [Dkt. 17]. Wells Fargo sought a second extension of certain pretrial deadlines

---

[1] Appx. 3-4.

[Dkt. 40], which was granted by this Court on March 7, 2018, extending the discovery deadline to July 27, 2018 [Dkt. 42].

2.  Mr. Varga filed his First Amended Complaint (after obtaining leave of court), his live pleading, on December 19, 2017 [Dkt. 23]. The last discovery responses served by Mr. Varga in this case are Mr. Varga's Rule 26(a)(2)&(3) Disclosures to Defendant [Dkt. 26], served on January 5, 2018. Prior, on October 25, 2017, Mr. Varga responded to Wells Fargo's Request for Admissions, Requests for Production, and First Set of Interrogatories, and produced 991 pages of documents.

3.  On Friday, July 13, 2018, counsel for Wells Fargo contacted associate counsel for Mr. Varga to discuss moving the discovery deadline for a third time. Mr. Chapaneri advised Wells Fargo's counsel that he would have to check with lead counsel and his client. On Monday, July 16, 2018, counsel for Mr. Varga informed counsel for Wells Fargo that any further extension of the discovery deadline was opposed. Thereafter, counsel for Wells Fargo stated that Wells Fargo intended to notice Mr. Varga's deposition. Wells Fargo's counsel was told that the week of July 23, 2018 was solidly booked with three depositions being conducted pursuant to a court order (that are expected to take three or more days to complete, excluding preparation time), including July 25, 2018.

4.  On July 16, 2018, nine business days before the twice extended discovery deadline in this case, Wells Fargo noticed Mr. Varga's deposition to take place on July 25, 2018, to commence at 10:00 a.m., at Locke Lorde LLP, 2200 Ross Avenue, Suite 2800, Dallas, Texas 75201 (the offices of Wells Fargo's counsel, not Mr. Varga's counsel's offices).[2]

---

[2] Appx. 3.

5. Mr. Varga moves to quash his deposition because it was unilaterally noticed and Mr. Varga's counsel has a preexisting obligation scheduled for July 25, 2018 known to Wells Fargo's counsel. As well, counsel has had no opportunity to even contact Mr. Varga whose business often finds him outside of cell phone and internet range. Mr. Varga moves for a protective order because, due to Wells Fargo's lack of due diligence in completing its discovery prior to any of the three discovery deadlines and waiting until less than two weeks before the discovery deadline to unilaterally notice Mr. Varga's deposition, it would now require a third extension of the discovery deadline. Wells Fargo cannot show good cause required to seek yet another extension of the discovery deadline and such a lack of diligence by a party in developing its case should not be rewarded by this Court.

## II.
## LAW AND ARGUMENT

**A.   *Wells Fargo's unilateral notice to try and force Mr. Varga to provide alternative dates is a bad faith litigation tactic and should not be rewarded.***

6. Mr. Varga moves to quash Wells Fargo's deposition notice because it was unilaterally noticed on a date counsel for Wells Fargo knew opposing counsel has an existing conflict, as a bad faith litigation tactic. In the email and letter serving the deposition notice, counsel for Wells Fargo states" "[i]f this date is not amenable to you, please provide us with additional dates to depose your client within the current discovery deadline, which is Friday, July 27, 2018."[3] In a similar situation, the District Court for Utah stated the following:

> "Upon review of the history of this case, it appears Defendant unilaterally scheduled depositions than then tried to force cooperation by offering dates convenient to its desires. Not only is it unwise to unilaterally schedule depositions and then try to force cooperation by offering dates convenient to only one party, such a practice goes against the spirit and intent of the rules of professionalism and civility." *Morales v. UBS Bank USA*, No. 2:14-cv-00888-JNP-BCW, 2017 U.S.

---

[3] Appx. 6, 8.

Dist. LEXIS 62632, at *2 (D. Utah 2017)(unpublished opinion), citing a local rule requiring professionalism and civility among members of the bar.

7.  Other courts have held that unilateral noticing of a deposition is "discourteous" and "indicative of bad faith." *Moore v. Dan Holdings, Inc*., No. 1:12CV503, 2012 U.S. Dist. LEXIS 149952, at *18 n.7 (M.D.N.C. 2012)(unpublished opinion). See also, *Taal v. Zwirner*, 2003 U.S. Dist. LEXIS 4019 (D.N.H. 2003)(unpublished opinion)("It probably bears noting that it is *not* good faith for plaintiffs, as they have done, to notice the deposition of a defendant to be taken at the federal court on a federal holiday, without first consulting with defense counsel in an effort to schedule the deposition at a mutually convenient time and location.")(emphasis in original); *Affiliated Foods Midwest Coop., Inc. v. Supervalu Inc.,* No. 8:16CV465 MEMBER, 2018 U.S. Dist. LEXIS 115496, at *5 (D. Neb. 2018)("Had counsel for AFM/AWG contacted Borowiak's counsel prior to serving the subpoena, this issue would not have needed to come before the Court." citing, *Schmidt et al v. Bellevue Medical Center L.L.C.*, Case No. 8:13CV143, ECF No. 143 (March 3, 2015)(Gossett, J.)(quashing defendant's noticed depositions of non-party witnesses because the depositions were noticed without consulting plaintiffs' counsel to determine his availability).

8.  Wells Fargo can offer no explanation as to why it unilaterally noticed Mr. Varga's deposition on a date it knew of a preexisting conflict with opposing counsel, other than that it was a bad faith litigation tactic to try to force Mr. Varga to provide alternative dates.[4] As numerous courts have previously held, such an action constitutes a bad faith litigation tactic and should not be rewarded by this Court. Therefore, Mr. Varga requests this Court quash the July 16, 2018 deposition notice.

---

[4] Indeed, the Notice requires Mr. Varga to appear at Wells Fargo's counsel's office, whereas Mr. Varga resides in Arlington, Texas and Mr. Varga's counsel has offices in Arlington, Texas.

### B. Wells Fargo's lack of diligence in timely developing its case should not be rewarded by this Court.

9. "District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997). Mr. Varga moves for a protective order prohibiting Wells Fargo from attempting to re-schedule his deposition because Wells Fargo has not been diligent in developing its case, despite having been **granted two prior** extensions of the discovery deadline. Therefore, this Court should refuse to give Wells Fargo a *third* chance to develop its case.

10. Wells Fargo has had all claims asserted by Mr. Varga and all discovery served by Mr. Varga as of January 5, 2018.  Wells Fargo did not request Mr. Varga's deposition until July 16, 2018, only nine (9) business days before the discovery deadline, and **192 days** since Wells Fargo had all relevant information needed to depose Mr. Varga.

11. In a comparatively similar situation, the Western District for Washington stated the following:

> Plaintiff "failed to pursue these depositions until the last two weeks before the discovery cut-off; this shows a lack of diligence and disregard for Mr. Waid's ability and the ability of the other deponents to schedule and prepare for those depositions. Although it may be Plaintiff's counsel's experience that opposing parties agree to short extensions of time, Mr. Waid's refusal given the circumstances does not appear unreasonable. In any event, Ms. Ferguson presents no reason for this extension other than her failure to complete discovery within the time allowed, and by local rule this does not demonstrate good cause." *Ferguson v. Waid*, No. C17-168RSM, 2018 U.S. Dist. LEXIS 118375, at *3-4 (W.D. Wash. 2018)(unpublished opinion).

12. In the short time remaining before expiration of the **twice extended** discovery deadline, it would be pragmatically impossible to prepare Mr. Varga for his deposition.  Current

existing commitments of Mr. Varga's counsel on other matters coupled with Mr. Varga's work schedule, would require several days if not weeks coordinate a time to ensure Mr. Varga is properly prepared, prior to Wells Fargo taking his deposition.  This week, the week of July 16, 2018, is solidly booked with doctor appointments, depositions, court attendances, client meetings, and other commitments typical of a busy legal practice. The week of July 23, 2018 is also solidly booked.  Therefore, Mr. Varga would be prejudiced if he is required by this Court to sit for his deposition with no time for preparation with his counsel.

13. For Wells Fargo to realistically take Mr. Varga's deposition, Wells Fargo will need to move for a continuance to extend the discovery deadline, yet again.  Rule 16 requires good cause be shown to modify a scheduling order. Fed. R. Civ. P. 16(b)(4). See also, *Mota v. Beacon Bay Asset Mgmt., LLC*, No. 3:17-cv-1862-N-BN, 2018 U.S. Dist. LEXIS 90581, at *10 (N.D. Tex. 2018)("In short, considering Rule 16(b)(4)'s good cause requirement dictating that Willis and Klupsak show that the discovery and motions deadlines could not have been reasonable met despite Plaintiffs' diligence and the other Rule 16(b)(5) factors, the Court determines that Willis and Klupsak have not shown the required good cause to reopen or extend the discovery and motions deadlines as they requested.").

14. Because it is not feasible to coordinate with Mr. Varga on his availability, give Mr. Varga time to prepare for his deposition, and coordinate with Mr. Varga's and his counsel's schedule *without* moving the discovery deadline, Wells Fargo must show good cause for its lack of diligence, which it cannot. Therefore, "granting a continuance would not deter future careless behavior nor serve to enforce this Court's Scheduling Order." *Barnes v. Sanchez*, No. 3:07-cv-1184-M, 2010 U.S. Dist. LEXIS 137211, 2010 WL 5027040, at *2 (N.D. Tex. Dec. 2, 2010). Because no good cause exists for such a request and due to the circumstances under which this

deposition was noticed, Mr. Varga requests this Court quash the July 16, 2018 Deposition Notice and enter a protective order prohibiting Wells Fargo from further noticing Mr. Varga's deposition.

**PRAYER**

WHEREFORE, Mr. Varga respectfully requests that this Court grant this Motion to Quash, quash the Notice of Intent to Take Oral Deposition of Jimmy Varga, enter a protective order prohibiting Wells Fargo from issuing any further deposition notices, and grant Mr. Varga all such other and further relief to which he may show himself justly entitled, whether at law or in equity.

Dated July 18, 2018.

Respectfully submitted,

**VAUGHAN & RAMSEY**

*/s/ Daena G. Ramsey*
Daena G. Ramsey
   State Bar No. 08093970
      dramsey@vrlaw.net
Christopher K. Chapaneri
   State Bar No. 24065032
      cchapaneri@vrlaw.net

2000 East Lamar Blvd., Suite 430
Arlington, Texas  76006
(972) 262-0800 - *telephone*
(888) 711-6044 - *Toll Free*
(972) 642-0073 – *facsimile*

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

This Motion complies with Local Rule 7.1(b)(3) because, while a conference was not held with counsel for Wells Fargo on this Motion, an emergency exists necessitating the prompt filing of this Motion at the earliest possible opportunity in order to afford the Court as much as the limited time between the filing of this Motion and the scheduled deposition to rule.  The deposition was noticed *after hours*, seven (7) business days before the deposition is scheduled to commence and the Motion is being filed five (5) business day before the deposition is scheduled to commence.

*/s/ Daena G. Ramsey*_____
Daena G. Ramsey

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record having made an appearance herein via this Court CM/ECF system on this 18th day of July, 2018.

*/s/ Daena G. Ramsey*_____
Daena G. Ramsey